THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORI ELLEN MUELLER, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO. 21-233 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                                 February 27, 2023

Dori E. Mueller ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Social Security Administration Commissioner's ("the Commissioner") final decision, denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff filed a brief supporting her request for review, the Commissioner responded to it, and Plaintiff filed a reply. For the reasons set forth below, Plaintiff's Request for Review will be denied, and Judgment will be entered in Defendant's favor and against Plaintiff.

**I.       PROCEDURAL HISTORY**[1]

On March 28, 2016, Plaintiff applied for DIB, alleging disability, beginning August 23, 2013, results from degenerative disc disease of the lumbar spine, degenerative joint disease, and inflammatory arthritis. R. at 16, 246. She subsequently amended the alleged onset date to October 23, 2015. *Id.* at 260. The Social Security Administration ("SSA") initially denied Plaintiff's claim on June 26, 2016, so Plaintiff requested a hearing. *Id.* at 101, 134. On November 22, 2017,

---

[1] This court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl.'s Br."), Defendant's Response to Request for Review of Plaintiff ("Def.'s Resp."), Plaintiff's Reply Brief ("Pl.'s Reply"), and the administrative record ("R.").

Plaintiff appeared before Administrative Law Judge Howard Kauffman ("the ALJ") for an administrative hearing. *Id.* at 134. Plaintiff, represented by an attorney, and vocational expert, Andrew Caporale ("the VE"), testified at the hearing. *Id.* at 56. Also present as a witness was Plaintiff's husband, Dr. Garry Mueller, M.D. *Id.* On January 30, 2018, the ALJ issued an unfavorable decision, after which Plaintiff requested review by the Social Security Appeals Council. *Id.* at 102. On May 22, 2019, the Appeals Council vacated the ALJ's decision and, in a remand order, directed the ALJ to evaluate further Plaintiff's residual functional capacity, past relevant work, and the testimony of Plaintiff's husband. *Id.* at 120-21.

On December 6, 2019, Plaintiff again appeared, with counsel, before the ALJ for an administrative hearing. *Id.* at 33. Plaintiff, the VE, and Dr. Mueller testified at the hearing. *Id.* On January 24, 2020, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision. *Id.* at 12-24. The Appeals Council denied Plaintiff's request for review on November 17, 2020, making the ALJ's findings the Commissioner's final determination. *Id.* at 1-

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

3, 12. Plaintiff sought judicial review from the court on January 15, 2021. Both parties consented to the undersigned's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    Plaintiff's Personal History

Plaintiff, born on December 27, 1957, R. at 372, was 62 years old when the ALJ rendered his decision. She is married and has two adult sons. R. at 20, 69. Plaintiff, who has previous relevant work experience as a surgical technician, *id.* at 57, last worked in 2011. *Id.* at 64.

B.    Plaintiff's Testimony

At the November 22, 2017 hearing, Plaintiff testified regarding limitations that she alleges result from physical impairments and prevent full-time employment. R. at 57. Plaintiff stated she suffers from lumbar subluxation, lumbar disc degeneration, spinal stenosis, inflammatory polyarthritis, depression, Sjogren's disease, spondylolisthesis, bilateral trigger fingers, anxiety, insomnia, and nerve damage to the bilateral carpal tunnel. *Id.* She has experienced depression and problems focusing on tasks. *Id.* at 62. She does not use canes, crutches, or assistive devices. *Id.* at 61. Plaintiff testified that she could brush her teeth, wash, and dress. *Id.* at 68. She can drive to her doctor appointments and the grocery store. *Id.* Plaintiff stated that she does many crossword puzzles. *Id.* She takes the anti-inflammatory pain medication Celebrex, along with Amitriptyline and Percocet (three times a day or more, depending on the pain). *Id.* at 61-62. Other prescribed drugs include Lunesta, taken as needed, and Prozac and Wellbutrin for depression and ADD, respectively. *Id.* at 60, 68.

At the December 6, 2019 hearing, Plaintiff testified that her shoulder "still bothers [her] sometimes . . . [making it] [h]ard to lift things or reach up high." *Id.* at 37. Furthermore, she said her back pain limited her ability to stand. *Id.* at 39. After one hour of standing in one position or

walking a block, she gets pain down her left leg and back. *Id.* at 39-40. She cannot perform her prior hobbies, such as biking, hiking, and gardening, or housework. *Id.* at 39. Plaintiff testified that past carpal tunnel surgery, her hands are "real weak"; she has difficulty taking a lid off a jar. *Id.* at 40. Issues with her hands prevent her from doing her prior crafting hobby. *Id.*

C. Dr. Mueller's Testimony

Dr. Mueller, testified at both hearings about his observations of Plaintiff and his prior doctor-patient relationship with her. R. at 43. He served as Plaintiff's family physician for nineteen years before their marriage. *Id.* Although Plaintiff is no longer his patient, he sometimes prescribes her medication. *Id.* He is not paid for these services and sometimes attends medical appointments with her. *Id.*

At the first hearing, Dr. Mueller testified that, after Plaintiff's October 2015 surgery, Plaintiff "can't do a whole heck of a lot" and "doesn't live the life she would like to live." *Id.* at 79. Plaintiff could no longer walk the dog they once had or cook as often. *Id.*

At the second hearing, Dr. Mueller reiterated that, after her back surgeries, which he described as failing to alleviate Plaintiff's pain, Plaintiff has not improved. *Id.* at 48. He testified that she could not do her prior hobbies, take walks, lift heavy things, or easily handle pouring a half-gallon container or opening certain sealed bags or jars. *Id.* at 48-50.

D. Vocational Expert's Testimony

The VE classified Plaintiff's past position as a surgical technician as a skilled[3] position,

---

[3] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. Skilled work may require laying out work, estimating quality, determining the suitability and needed quantities of materials, making precise measurements, reading blueprints or other specifications, or making necessary computations or mechanical adjustments to control or regulate the work. Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c).

performed at a light[4] level of exertion. R. at 86. However, based on Plaintiff's file, the VE characterized her past job's exertional level, as performed, as heavy.[5] *Id.*

The ALJ asked the VE to consider an individual of Plaintiff's age, educational level, and past work experience who had the following limitations:

> lifting and or carrying . . . 20 pounds occasionally, ten pounds frequent[ly]. [She] can sit, stand, or walk six hours each for eight-hour[s] [a] day. [She] [o]ccasionally climb[s] ramps or stairs. Frequently balance, stoop, kneel, crouch, and crawl. Occasional ladders, ropes, or scaffolds.

*Id.* at 87. The VE responded that, although the hypothetical individual could not perform Plaintiff's past job as she had actually performed it, she could do the job as it is customarily performed. *Id.* at 87. Next, the ALJ asked if his answer would change if "it was occasional postural and no ladders, ropes, or scaffolds." *Id.* The VE replied that it would not. *Id.*

The ALJ's next hypothetical asked the ALJ to consider a person capable of sedentary[6] work only, with "occasion[al] postural . . . no ladders, ropes, or scaffolds." *Id.* 87-88. The VE responded that such an individual could not perform Plaintiff's past work, as actually or as customarily performed. *Id.* at 88.

The ALJ's final hypothetical asked the VE to add to the prior hypotheticals the restriction that such an individual would be off task more than 15% of the day. *Id.* The VE responded that

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

[5] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work." 20 C.F.R. § 404.1567(d).

[6] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

such an individual could perform neither Plaintiff's past work; nor any jobs that exist in the national economy. *Id.*

### III. THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] last met the insured status requirements of the Social Security Act on December 31, 2016.

2. [Plaintiff] did not engage in substantial gainful activity during the period from her amended alleged onset date of October 23, 2015 through her date last insured of December 31, 2016 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, [Plaintiff] had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the bilateral hips, and inflammatory polyarthritis (20 CFR 404.1520(c)).

4. Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she may occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, but must never climb ladders, ropes, or scaffolds.

6. Through the date last insured, [Plaintiff] was capable of performing past relevant work as a surgical technician. This work did not require the performance of work-related activities precluded by [Plaintiff]'s residual functional capacity (20 CFR 404.1565).

7. Plaintiff was not under a disability, as defined in the Social Security Act, at any time from August 23, 2013 [sic],[7] the alleged onset date, through December 31, 2016, the date last

---

[7] The alleged onset date was amended to October 23, 2015. R. at 260.

6

>insured (20 CFR 404.1520(f)).

R. at 14, 16-17, 22, 24.

## IV.   DISCUSSION

A.   Standard of Review

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed if substantial evidence supports them.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

Overall, this test is deferential to the ALJ.  *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  The court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo*, might have reached a different conclusion.  *Id.*  Indeed, the court may not undertake a *de novo* review of the Commissioner's decision by reweighing the record evidence itself.  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *Monsour Med. Ctr.*, 806 F.2d at 1190-91.  Nor is the court permitted to "impose [its] own factual determinations."  *Chandler*, 667 F.3d at 359.  *See Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) ("We also have made clear that we are not permitted to weigh the evidence

7

or substitute our own conclusions for that of the fact-finder."). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B. <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he cannot engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents returning to their past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that the impairment results in functional limitations to performing their past relevant work, then the burden of proof shifts to the Commissioner to prove that work exists in the national economy, which Plaintiff can perform given their age, education, work experience, and residual functional capacity. *See Poulos,* 474 F.3d at 92; *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

C. <u>Review of the Administrative Law Judge's Decision</u>

Applying the sequential evaluation process, the ALJ ultimately determined that Plaintiff

has no impairment or combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. at 16. The ALJ concluded that Plaintiff could perform her past relevant work as a surgical technician. *Id.* at 22.

In her brief, Plaintiff argues that the ALJ failed to: (1) properly evaluate the medical evidence including the history of her prior surgeries; (2) properly assess the opinion of her treating physician and the state agency doctor; (3) properly weigh the subjective evidence of her limitations, and; (4) account for all her limitations in formulating the RFC. Pl.'s Br. at 4. The Commissioner asks this court to reject each of Plaintiff's claims. First, the ALJ did not err in considering the medical evidence and that Plaintiff impermissibly asks this court to re-weigh the evidence. Def.'s Resp. at 9. Second, the ALJ reasonably weighed the evidence of Plaintiff's treating physician and the state agency doctor. *Id.* at 12. Third, the Commissioner argues that there existed record evidence to contradict Plaintiff's allegations of disabling pain, which the ALJ properly weighed. *Id.* at 17. Finally, the Commissioner asks this court to reject Plaintiff's contention that the RFC did not include all of Plaintiff's limitations. *Id.* at 18. The court addresses these arguments in reverse order, beginning with Plaintiff's fourth argument.

1. The ALJ Properly Accounted for Plaintiff's Credible Limitations in Formulating the Residual Functional Capacity

Plaintiff argues that the ALJ failed to include limitations in the residual functional capacity allowing her to be "absent from work, requiring extra breaks, or being off pace due to pain." Pl.'s Br. at 33-34. However, Plaintiff does not provide citations to the record justifying such limitations. Therefore, this court must find that the ALJ included all of Plaintiff's credibly established limitations.

An RFC "'is defined as that which an individual is still able to do despite the limitations caused by his or her impairments(s).'" *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121

(3d Cir. 2000) (quoting *Hartranft*, 181 F.3d at 359 n.1). Substantial evidence supports an RFC assessment if the ALJ discusses the individual's abilities for "8 hours a day, for 5 days a week, or an equivalent work schedule." *Bencivengo v. Comm'r of Soc. Sec.*, No. 00-1995, 2000 U.S. App. LEXIS 38785, at *6 (3d Cir. Dec. 19, 2000) (non-precedential); *see also Brown v. Kijakazi*, 2021 U.S. Dist. LEXIS 221644, at *16 (E.D. Pa. Nov. 17, 2021); *Sheehan v. Astrue*, No. 10-5598, 2013 U.S. Dist. LEXIS 38201, at *22 (E.D. Pa. Feb. 28, 2013); *Santiago-Rivera v. Barnhart*, 2006 U.S. Dist. LEXIS 69559, at *36 (E.D. Pa. Sept. 26, 2006).

Plaintiff here offers no record evidence supporting the inclusion of her additional limitations. *See Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 148 (3d Cir. 2007) (non-precedential) (suggesting that "[a] lack of evidentiary support in the medical record is a legitimate reason for excluding claimed limitations from the RFC"). The ALJ, in fact took into consideration her reported pain symptoms, by limiting Plaintiff to "occasional postural movements." R. at 20. The ALJ need only include credibly established limitations in his RFC assessment. *See Rutherford*, 399 F.3d at 552. Therefore, this court cannot remand on this basis.

2. The ALJ Properly Weighed the Subjective Evidence of the Plaintiff's Limitations

Plaintiff next argues that the ALJ failed to give her subjective complaints great weight. Pl.'s Br. at 4. Plaintiff alleges the ALJ committed reversible error by failing to cite credibly contrary medical evidence refuting her subjective complaints. *Id.* at 32.

Testimony from a plaintiff regarding pain and other symptoms is entitled to "great weight" when supported by competent medical evidence. *Schaudeck*, 181 F.3d at 433. Social Security Ruling ("SSR") 96-7p, 1996 SSR LEXIS 4, makes clear that an individual's statements about symptoms are not enough to determine disability but must be corroborated by medical evidence. SSR 96-7p, 1996 SSR LEXIS 4 at *4-5 (1996). In supporting his conclusion that the evidence did

not corroborate Plaintiff's subjective complaints to the degree and intensity she claimed, the ALJ cited the following: (i) Plaintiff's treatment history showing improved symptoms following surgeries during the relevant period with conservative treatment; (ii) the objective medical evidence showing strength, negative straight leg raising, and intact sensation; (iii) evidence of daily activities "indicat[ing] that her conditions were not as debilitating as alleged"; and (iv) prior administrative medical findings assessing that Plaintiff could perform a range of light work.  R. at 17-22.  The ALJ nonetheless stated that he credited Plaintiff's subjective symptoms by limiting her to "occasional postural movements."  *Id.* at 20.  Thus, the ALJ did not err, because he adequately explained his reasoning for the weight afforded Plaintiff's testimony about her symptoms.

3. <u>The ALJ Properly Evaluated the Opinions of Plaintiff's Treating Physicians and Appropriately Gave Greater Weight to the Opinion of the State Agency Doctor</u>

Plaintiff objects to the weight assigned to the opinion of the state agency doctor and states that the ALJ failed to evaluate the opinions of her treating physicians properly.  Pl.'s Br. at 4.  She argues that the ALJ should have accorded less weight to state agency consultant Dr. Candelaria Legaspi, M.D., and greater weight to treating physician Dr. Beth Van Avelen, M.D., and her husband, Dr. Mueller.  *Id.* at 16-22.  However, this court finds that the ALJ adequately explained her evaluations of each of these opinions and reasonably explained the weight assigned to each.

While a treating physician's medical opinion under the applicable regulations is expected to be afforded more weight than the medical opinion of a state agency doctor, the ALJ may assign greater weight to the latter so long as he explains why he did so  *See Chandler*, 667 F.3d at 361.  A treating physician's "opinion may be afforded 'more or less weight depending upon the extent to which supporting explanations are provided.'"  *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 355 (3d Cir. 2008) (quoting *Plummer v. Apfel*, 186 F.3d at 429 (3d Cir. 1999)).

The ALJ assessed that Dr. Legaspi's determination, made on June 20, 2016, that Plaintiff may "frequently balance, stoop, kneel, crouch, and crawl and occasionally climb ramps, stairs, ladders, ropes, and scaffolds" was consistent with the treatment records from 2016. R. at 20. In contrast, Plaintiff's treating physician, on September 18, 2017, stated that Plaintiff had severe functional capacity limitations, was incapable of minimal sedentary activity, and could not lift, bend, sit, or stand for any length of time. *Id.* at 21. Since Dr. Avelen first treated Plaintiff in December 2010, the ALJ took issue with her failure to indicate when the restrictions were first warranted. *Id.* The ALJ stated that the latter opinion was inconsistent with the record showing Plaintiff's improved symptoms in 2016; Plaintiff testified that, despite a flare-up in November 2016, she felt well with no concerns. *Id.* at 21-22. Additional records from December 2016 only noted mild pain in the lower lumbar spine. *Id.* at 22. *See Plummer*, 186 F.3d at 430 (stating that an ALJ may discount a treating physician's opinion because of contradictory medical evidence). The ALJ accepted and adopted the findings of Dr. Legaspi because, as noted, Dr. Legaspi's assessments were also supported by the treatment history and clinical records. *See Chandler*, 667 F.3d at 361 (stating that "[s[tate agent opinions merit significant consideration as well") (citations omitted). These determinations made by the ALJ are supported by substantial evidence and are within his province to make. *See* 20 C.F.R. § 404.1527(c); *Chandler*, 667 F.3d at 356.

As to the testimony of Plaintiff's husband, a family doctor and not an orthopod, osteopath, or psychiatrist, the ALJ noted that he had not had a doctor-patient relationship with Plaintiff since October 23, 2015. *Id.* at 21. The ALJ further stated that Dr. Mueller's observations of her problems performing some daily activities were inconsistent with the record evidence, namely, Plaintiff's driving ability, that her grip strength remained normal shortly after the date last insured, and that the records did not indicate decreased functioning before then. *Id.* While Plaintiff may

disagree with the ALJ, the explanations and determinations made by the ALJ are substantially supported and reasonably articulated. *See Santiago v. Barnhart*, 367 F. Supp. 2d 728, 732 (E.D. Pa. 2005) ("If the ALJ's decision is supported by substantial evidence, the Court may not set it aside even if the Court would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). Therefore, as requested by Plaintiff, this court cannot remand on this basis.

4. The ALJ's Failure to Properly Evaluate the Medical Evidence Was Harmless Error

Plaintiff finally argues that the ALJ improperly evaluated the evidence by picking evidence supporting his decision while ignoring other evidence. Pl.'s Br. at 4. This court agrees that the ALJ did not properly evaluate the medical evidence, specifically the complete history of her surgeries. However, because the error is ultimately harmless, this court will not remand.

Plaintiff's primary contention is that the ALJ never mentioned her five documented surgeries over five years. *Id.* at 6. These surgeries took place in January 2011 (L5-S1 laminectomy), March 2011 (L4-5 laminectomy), February 2014 (L4-5 laminectomy with fusion), October 2015 (L3-4 laminectomy and L5-S1 laminectomy), and March 2016 (L5-S1 and L3-4 bilateral laminectomies with the placement of a Colfax device). *Id.* at 548, 586, 605, 635. The relevant period for Plaintiff's disability showing is October 23, 2015, the alleged onset date, through December 31, 2016, the date late last insured.

While an administrative law judge is not obligated to determine evidence before the onset date of disability to be relevant or probative, the judge should adequately explain why they did not afford substantial weight to evidence before the alleged onset date. *See Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981); *Chestnut v. Berryhill*, No. 16-6204, 2018 U.S. Dist. LEXIS 38522, at *9 (E.D. Pa. Mar. 2018). Furthermore, when an ALJ faces conflicting evidence, he must adequately

explain his reasons for rejecting or discrediting it. *See Benton for Benton v. Bowen*, 820 F.2d 85, 88 (3d Cir. 1987).

The ALJ here did not adequately address Plaintiff's history of degenerative disc disease of the lumbosacral spine and degenerative joint disease of her bilateral hips by ignoring prior relevant surgeries, which he notably elicited testimony about during the November 2107 hearing. R. at 18, 64-66. He only addressed the two surgeries performed during the applicable period. *Id.* at 18. These surgeries were worthy of consideration because they support Plaintiff's contention that her back pain was perhaps more intense and persistent than the ALJ found. The ALJ's failure to discuss Plaintiff's relevant surgeries that occurred before the onset date was error because these surgeries were probative and supportive of Plaintiff's claim of disabling pain. *See Cotter*, 642 F.2d at 707. This court must next look to whether the error was harmless and finds it was.

An error is generally "harmless" when, despite the technical correctness of a plaintiff's legal contention, there nonetheless remains "no set of facts" supporting entitlement to benefits. *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting *Renchenski v. Williams*, 622 F.3d 315, 341 (3d Cir. 2010). Stated differently, "remand is not required . . . [if] it would not affect the outcome of the case." *Rutherford*, 399 F.3d at 553. "The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009); *see Woodson v. Comm'r of Soc. Sec.*, 661 F. App'x 762, 766 (3d Cir. 2016) (non-precedential) (citing *Shinseki*, 556 U.S. at 409) (stating a plaintiff must cite specific evidence demonstrating her claimed error caused harm).

Plaintiff fails to show explicitly that evaluating the prior surgeries' effect would have altered the ALJ's decision that Plaintiff's mild pain and stiffness did not render her disabled and incapable of light work. Because Plaintiff fails to show how the outcome would have differed had

the prior surgeries been discussed, this court cannot remand based on the ALJ's ultimately harmless error.

## V. CONCLUSION

A thorough review of the relevant law and the record indicates that the ALJ's failure to consider Plaintiff's surgeries before the onset period explicitly was harmless error. Accordingly, Plaintiff's Request for Review is denied. An implementing Order and Order of Judgment follow.